## SUPREME COURT.

THE CLINTON LIBERAL INSTITUTE and ORIN PERRY *et al.*, agt.
LUTHER J. FLETCHER *et al.*

*Injunction—not a proper case for—Code of Civil Procedure, sections* 603, 604.

Where the papers submitted in opposition to a motion to dissolve an
injunction fail to show how the rights of the plaintiffs are to be injured
irreparably by the action sought to be restrained by the injunction, and
where it appears that if the party whose election is sought to be
restrained shall, after his election, threaten or attempt to do some act
in violation of the rights of the plaintiff, they can then institute proper
proceedings to guard against such injury as shall be imminent to it,
the motion will be granted.

Plaintiff obtained an injunction order restraining the defendants, as an
executive board of the State Convention of Universalists, from proceed-
ing to elect a trustee to fill a vacancy occasioned by the death of one
Barnum, who was a trustee of the Clinton Liberal Institute at the time
of his death. The plaintiffs insist that the executive board have no
power to fill the vacancy in the board of trustees; the defendants
insist to the contrary:

*Held,* not to be a proper case for an injunction.

*Oneida Special Term, May,* 1878.

THE plaintiffs, on the 27th day of February 1878, obtained
from a justice of this court an injunction order restraining
the defendants, as an executive board of the State Convention
of Universalists of the State of New York, from proceeding
to elect a trustee to fill the vacancy occasioned by the death
of one Barnum who was a trustee of the Clinton Liberal
Institute at the time of his death. The defendants have
appeared and denied the complaint in material parts and

points. The defendants, upon their answer and affidavits, obtained an order, returnable at this special term, granted by the justice designated to hold this term. The order was therefore within the exception in respect to contested motions at the special term held with a circuit and it was made returnable at a day to suit the justice who was to hold the term.

*Amos H. Prescott,* for motion.

*O. S. Williams,* for plaintiff, opposed.

HARDIN, *J.* — There may be a debatable question involved as to the power of the state convention to delegate the appointment of a trustee to the executive board and also as to whether the convention has properly delegated such power; if it has the right to delegate the power, these questions will be involved in the final hearing of this cause (*Constitution of state convention,* art. 4, sec. 3 ; *By laws,* art. 1, sec. 4 ; *art* 7, *sec* 1). But the vital question involved in this motion is, whether this is a proper case for an injunction.

The plaintiffs insist that the executive board has no power to fill the vacancy in the board of trustees; the defendants insist to the contrary.

Suppose the executive board exercises what it supposes it has the right to, to wit, the power of appointment. Then, according to the position of the plaintiff, its action would be a nullity and the person thus named would not be in fact nor possess the powers and rights of a trustee.

Presumptively, if such is the correct construction as claimed to be by the plaintiffs, he would not be permitted to take his seat in the board of trustees nor to take part in their proceedings and deliberations; if he should attempt to do it his right so to do might be questioned by proper proceedings instituted for such purpose. Then, if the position of the defendants here is correct, it would be determined that he was entitled to sit; if, however, the position of the plaintiffs is correct it would be declared that he was not entitled to sit and act as a trustee.

Section 603 of the Code provides that an injunction may issue ( 1 ) where the commission or continuance of an act would produce injury to the plaintiffs "an injunction *may be granted.*"

Section 604 of the Code provides for an injunction when the defendants are doing or threatening to do an act in violation of plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual.

It is difficult to see, upon the papers submitted upon this motion, how the rights of the six male plaintiffs are to be injured irreparably by the action which the executive board may take in respect to a trustee to fill a vacancy. If they discharge their representative duty the action of a new trustee who was properly appointed could not injure them.

As to the plaintiff, the Clinton Liberal Institute, if an improper person shall be elected or if a person improperly elected or who claims to be a trustee by an appointment from a body not having the power to appoint, shall threaten or attempt to do some act in violation of its rights it can then institute the proper proceedings to guard against such injury as shall be imminent to it.

These views lead to the conclusion ( 1 ) that the six male plaintiffs have not made a proper case entitling them to an injunction order ( 2 ), that the plaintiff, the Clinton Liberal Institute, has not made such a case as the sections of the Code referred to require to entitle it to an injunction order like the one granted February 27, 1878. There may be doubt as to the plaintiffs having a common right in the whole seven to maintain this action but no opinion need be expressed upon that point upon this motion.

The motion is granted, with ten dollars costs.